UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L'KORAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> FILENE'S BASEMENT, RETAIL VENTURES, INC., and DOES 1-10, <br><br> Defendants. | 04-12583 PBS <br><br> CIVIL ACTION NO. |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND COUNTERFEITING, TRADEMARK DILUTION, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND DECEPTIVE TRADE PRACTICES**

Plaintiff L'Koral, Inc. ("L'Koral") as and for its Complaint hereby alleges as follows:

## INTRODUCTION

1. This action arises out of Defendants' unauthorized distribution, offer for sale and/or sale of jeans that are virtually identical replicas of the jeans manufactured and distributed by L'Koral bearing L'Koral's famous "SEVEN FOR ALL MANKIND" trademark and related design marks. Since their introduction into the marketplace in 2000, L'Koral's high-end jeans, which retail for well over $100, have become one of the most sought-after fashion items. Defendants have blatantly attempted to capitalize on L'Koral's popularity by trading in low-priced copies of L'Koral's authorized merchandise, resulting in lost sales and severe damage to L'Koral's reputation and goodwill.

## JURISDICTION AND VENUE

2. This is an action at law and in equity for trademark counterfeiting,

{B0353711; 1}

8.  L'Koral is informed and believes, and on that basis alleges, that Defendants Does 1 through 10 (collectively "Doe Defendants"), inclusive, are corporations, partnerships, proprietorships, unincorporated associations, and individuals whose identities and addresses are presently unknown to L'Koral and are not presently capable of ascertainment. L'Koral is informed and believes, and on that basis alleges, that the Doe Defendants assist, support, and participate with the other named defendants in producing, advertising, offering for sale, distributing and selling counterfeit and infringing merchandise in violation of the rights of L'Koral, as more fully alleged herein, and accordingly are or will be subject to the jurisdiction of this Court. L'Koral will amend its pleadings to allege the true identities of the Doe Defendants when their respective identities are ascertained.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.  L'Koral is a Los Angeles-based apparel company, founded in 1981, which manufactures and sells clothing throughout the United States.

10. Beginning in approximately September 2000, L'Koral introduced a line of jeans under the trademark "7 FOR ALL MANKIND" ("Authentic 7 Jeans"). L'Koral sells its high quality Authentic 7 Jeans in well-known chain stores such as Bloomingdales, Fred Segal, Barney's, Neiman Marcus, Saks Fifth Avenue, Macy's and Nordstrom, as well as in smaller boutiques in cities throughout the United States.

11. At an average retail price of over $120 per pair, L'Koral's Authentic 7 Jeans became an instant success in the highly competitive fashion marketplace. In the first year following introduction of the line, the sales of Authentic 7 Jeans totaled approximately $12 million. Second year sales of Authentic 7 Jeans increased more than four times to over $58 million. Since the introduction just four years ago, L'Koral has sold over $300 million of Authentic 7 Jeans, which are currently the market share leader in their price range.

12. The enormous popularity of L'Koral's Authentic 7 Jeans has developed

exclusively through word of mouth and favorable media coverage, as well as the marketing efforts of L'Koral's retail customers. Authentic 7 Jeans have been featured exclusively in women's fashion magazines, such as <u>Cosmopolitan</u>, <u>Glamour</u>, <u>Elle</u>, <u>Harper's Bazaar</u> and <u>InStyle</u>, as well as a wide variety of other publications, such as <u>Vanity Fair</u>, <u>Rolling Stone</u>, <u>Time</u> and <u>Entertainment Weekly</u>. In addition, Authentic 7 Jeans have appeared in numerous popular television shows and motions pictures.

13. L'Koral is the sole owner of certain federally registered trademarks related to their famous Authentic 7 Jeans, including the name "SEVEN FOR ALL MANKIND" and a pocket stitch design known as the "squiggle wave." Copies of L'Koral's federal trademark registrations are attached hereto as **Exhibit 1**. L'Koral also owns the common law trademarks in the names and pocket stitch designs of its other jean styles, including the "A pocket," and "Flynt" styles. Copies of these unregistered design marks are attached hereto as **Exhibit 2**. These registered and common law trademarks are collectively referred to hereafter as the "7 Jeans Marks."

14. The success enjoyed by L'Koral in selling and marketing Authentic 7 Jeans is attributable in large part to the fit and style of its Authentic 7 Jeans and L'Koral's high standards of quality and dedication to quality control. L'Koral's efforts ensure that Authentic 7 Jeans are consistent with the reputation L'Koral has created for itself in its merchandise.

15. As a result of L'Koral's highest quality control standards and the enormous commercial success of Authentic 7 Jeans, the 7 Jeans Marks have acquired considerable value and have become associated throughout the consuming public with L'Koral in connection with the sale of Authentic 7 Jeans.

16. Defendants, without authorization or license from L'Koral, have distributed, offered for sale and/or sold, in this judicial District and, upon information and belief, throughout the United States, virtually exact reproductions of Authentic 7 Jeans each of which

bears unauthorized copies of the 7 Jeans Marks (hereinafter the "Counterfeit Merchandise").

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement and Counterfeiting)

17. L'Koral repeats and incorporates by reference the allegations in paragraphs 1-16, inclusive.

18. Defendants' use of the 7 Jeans Marks in connection with the distribution, offer for sale and/or sale of the Counterfeit Merchandise is likely to cause and is causing confusion, mistake and deception among consumers as to the origin of the Counterfeit Merchandise being false reproductions of the 7 Jeans Marks, and is likely to deceive the public into believing that said Counterfeit Merchandise emanates from, is associated with and/or is otherwise authorized or endorsed by L'Koral, all to the damage and detriment of L'Koral's reputation and goodwill.

19. Defendants' aforesaid actions constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20. Defendants' conduct as described above is done willfully with knowledge of and/or grossly reckless disregard for L'Koral's rights.

21. Defendants are likely to continue causing substantial injury to the public and to L'Koral, and L'Koral is therefore entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117. Pursuant to 15 U.S.C. § 1117(b), L'Koral is entitled to trebling of the greater of profits or damages, and to prejudgment interest. Alternatively, pursuant to 15 U.S.C. § 1117(c), L'Koral is entitled to recover statutory damages for Defendants' willful use of counterfeit marks.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin)

22. L'Koral repeats and incorporates all of the allegations of paragraphs 1-21.

23. Defendants' advertising, marketing, offering for sale and sale of the Counterfeit Merchandise misrepresents and falsely suggests to the general public the origin and source, sponsorship and endorsement of said Counterfeit Merchandise.

24. Defendants' unauthorized and unlawful use of the 7 Jeans Marks on or in connection with the Counterfeit Merchandise creates the express and implied misrepresentation that Defendants' goods are authorized or endorsed by L'Koral.

25. Defendants' conduct as described above is done willfully with knowledge and/or grossly reckless disregard for L'Koral's rights.

26. Defendants' aforesaid acts violate L'Koral's rights under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) in that Defendants' willful and intentional use, in connection with goods sold in commerce a false designation of origin, false or misleading description of fact, and/or false or misleading description of fact, and/or false or misleading representation of fact likely to cause confusion or deceive the consuming public as to the origin, sponsorship and/or approval of the Counterfeit Merchandise.

27. Because of Defendants' activities, L'Koral is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117. L'Koral is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. §§ 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

28. L'Koral repeats and incorporates all of the allegations set forth in paragraphs 1-27.

29. The 7 Jeans Marks are "famous" and "distinctive" marks within the meaning of 15 U.S.C. § 1125(c), and those marks became famous and distinctive prior to the acts of Defendants complained of herein.

30. Defendants' advertising, promotion, sale and/or offering for sale of the Counterfeit Merchandise dilutes the famous and distinctive quality of the 7 Jeans Marks, and wad done with the willful intent to trade on L'Koral's reputation and goodwill and/or to cause dilution of the 7 Jeans Marks.

31. Defendants' use of false reproductions of the 7 Jeans Marks on or in connection with the Counterfeit Merchandise was done with full knowledge that the advertising, promotion, sale and/or offering for sale of the Counterfeit Merchandise was not authorized or licensed by L'Koral.

32. Because Defendants' aforesaid acts are in knowing and willful violation of L'Koral's rights under 15 U.S.C. § 1125(c) for which L'Koral is entitled to an accounting for profits, damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1117 and 1125(c).

### FOURTH CLAIM FOR RELIEF
(Unfair and Deceptive Trade Practices)

33. L'Koral repeats and incorporates by reference the allegations in paragraphs 1-32.

34. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Mass. Gen. Laws ch. 93A. Defendants' aforesaid acts are in knowing and willful violation of L'Koral's rights.

35. Defendants have been and are passing off their goods as those of L'Koral, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or

approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with another, and otherwise damaging the public.

36. The Defendants' wrongful conduct has occurred primarily and substantially in Massachusetts.

37. Defendants knew or should have known that their advertising, promotion, sale and/or offering for sale of the Counterfeit Merchandise bearing the 7 Jeans Marks are false and likely to cause confusion, or to cause mistake or to deceive consumers as to the origin of Defendants' products, or as to the affiliation, connection or association of Defendants with L'Koral, or as to the sponsorship, authorization or approval of Defendants' products by L'Koral.

38. Defendants' actions have caused and, unless enjoined, will continue to cause irreparable damage to L'Koral, for which L'Koral has no adequate remedy at law. L'Koral is therefore entitled to an injunction prohibiting Defendants from continuing the practices described above.

**PRAYER FOR RELIEF**

WHEREFORE, L'Koral prays that:

1. Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

    (a) distributing, marketing, selling or offering for sale any Counterfeit Merchandise;

    (b) representing that any Counterfeit Merchandise advertised, promoted, offered for sale or sold by Defendants originates from, is licensed, endorsed or authorized by, or is otherwise associated with

L'Koral or that the Counterfeit Merchandise is genuine; and;

    (c)    otherwise using the 7 Jeans Marks or any reproduction, counterfeit copy of colorable imitation thereof in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of Defendants' or any products distributed, offered for sale or sold by Defendants.

2. Defendants be compelled to account to L'Koral for any and all profits derived by Defendants from the sale or distribution of the Counterfeit Merchandise;

3. L'Koral be awarded all damages caused by the acts forming the basis of this Complaint;

4. Based on Defendants' knowing and intentional sale of the Counterfeit Merchandise and use of confusingly similar and substantially indistinguishable imitations of 7 Jeans Marks, L'Koral's damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

5. Alternatively, L'Koral reserves the right to recover statutory damages for Defendants' willful use of counterfeit marks pursuant to 15 U.S.C. § 1117(c).

6. Defendants be ordered to pay to L'Koral the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and related state statutes;

7. Based on Defendants' willful and deliberate infringement and dilution of the L'Koral Marks, and to deter such conduct in the future, L'Koral be awarded punitive damages; and

       8.    L'Koral obtain such other and further relief as the Court may deem just and proper.

DATED:     December 9, 2004

L'KORAL, INC.,

By its attorneys,

_____
Samual A. Miller (BBO #648568)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

OF COUNSEL:

Michael R. Heimbold (California Bar No. 173981)
Yakub Hazzard (California Bar No. 150242)
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, Suite 4000 North
Santa Monica, CA 90404
(310) 255-9021



### THE UNITED STATES OF AMERICA

#### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

November 04, 2004

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,890,645 IS CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF 10 YEARS FROM   October 05, 2004
SAID RECORDS SHOW TITLE TO BE IN: *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. R. GRANT
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**  Reg. No. 2,890,645
Registered Oct. 5, 2004

TRADEMARK
PRINCIPAL REGISTER



L'KORAL, INC. (CALIFORNIA CORPORATION)
5170 SOTO STREET
VERNON, CA 90058

FOR: JEANS, PANTS, SHORTS, JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-27-2000; IN COMMERCE 9-29-2000.

SER. NO. 75-983,009, FILED 11-1-2001.

GEORGE LORENZO, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

November 04, 2004

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,890,644 IS CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM   *October 05, 2004*
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

W. MONTGOMERY
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**   Reg. No. 2,890,644
Registered Oct. 5, 2004

## TRADEMARK
PRINCIPAL REGISTER

### 7 FOR ALL MANKIND

L'KORAL, INC. (CALIFORNIA CORPORATION)
5170 SOTO STREET
VERNON, CA 90058

FOR: JEANS, PANTS, SHORTS, JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-27-2000; IN COMMERCE 9-29-2000.

SER. NO. 75-983,008, FILED 10-26-2001.

GEORGE LORENZO, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

November 04, 2004

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,787,838 IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 02, 2003*
SAID RECORDS SHOW TITLE TO BE IN:   *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

W. MONTGOMERY
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,787,838
Registered Dec. 2, 2003

## TRADEMARK
PRINCIPAL REGISTER



L'KORAL, INC. (CALIFORNIA CORPORATION)
5175 SOTO STREET
VERNON, CA 90058

FOR: CLOTHING, NAMELY, JEANS, PANTS, SHORTS, SKIRTS, JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-27-2000; IN COMMERCE 9-29-2000.

THE MARK CONSISTS OF A FANCIFUL STITCHED PATTERN.

SER. NO. 75-982,867, FILED 11-1-2001.

MICHAEL BAIRD, EXAMINING ATTORNEY





"Flynt"

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

L'KORAL, INC.

## DEFENDANTS

FILENE'S BASEMENT, RETAIL VENTURES, INC., and DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Samual A. Miller
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General / ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Federal Trademark Act of 1946, 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1332, 1338.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $ to be determined at trial

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____  DOCKET NUMBER _____

DATE 12/9/04

SIGNATURE OF ATTORNEY OF RECORD
_/s/ Samual A. Miller_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) L'Koral, Inc. v. Filene's Basement, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   04-12583 PBS

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES    (NO)

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       (EASTERN DIVISION)        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Samual A. Miller
ADDRESS  Sullivan & Worcester LLP, One Post Office Square, Boston, MA  02109
TELEPHONE NO.  (617) 338-2800

(Cover sheet local.wpd - 11/27/00)