UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

L'Koral, Inc.

    Plaintiff,

v.

Filene's Basement, Inc. and Retail Ventures, Inc.

    Defendants.

Filene's Basement, Inc. and Retail Ventures, Inc.

    Third-Party Plaintiffs

v.

Chic Lady, Ltd.

    Third-Party Defendant.

Case No. 04-12583PBS
Judge Saris
Magistrate Judge Cline

U.S. DISTRICT COURT
DISTRICT OF MASS.
2005 JAN 24  P 4: 48
FILED
IN CLERKS OFFICE

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND THIRD PARTY COMPLAINT

Defendants Filene's Basement, Inc. ("Filene's") and Retail Ventures, Inc. ("RVI")

answer the Complaint filed by L'Koral, Inc. ("L'Koral") as follows:

### INTRODUCTION

1.   Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegation that "[s]ince their introduction into the marketplace in

2000, L'Koral's high-end jeans, which retail for well over $100, have become one the most

sought-after fashion items" and therefore deny the same. Defendants deny the remaining

allegations of paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.   In response to paragraph 2 of the Complaint, Defendants admit that the

Complaint purports to state claims for trademark counterfeiting, trademark infringement,

trademark dilution, unfair competition, and unfair and deceptive trade practices arising under the

Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*., and the unfair business practices and unfair and deceptive trade practices act of Massachusetts, Mass. Gen. Laws, ch. 93A and the common law, but denies that L'Koral has any such claims or that such claims are justified.

3.    In response to paragraph 3 of the Complaint, Defendants admit that this Court has jurisdiction over the subject matter of the present action and that Defendants are subject to personal jurisdiction in this judicial district in that they conduct business in this judicial district and can otherwise be found in this judicial district. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4.    In response to paragraph 4 of the Complaint, Defendants admit that venue is proper in this Court. Defendants deny the remaining allegations of paragraph 4 of the Complaint.

## THE PARTIES

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, therefore, deny same.

6.    In response to paragraph 6 of the Complaint, Defendants admit that Filene's has its principal place of business at 12 Gill Street, Woburn, Massachusetts 01801-1728, and conducts business in this judicial district. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7.    Defendants admit the allegations of paragraph 7 of the Complaint.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, deny same.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, deny same.

10.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, deny same.

11.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, deny same.

12.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, deny same.

13.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, deny same.

14.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, deny same.

15.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, deny same.

16.   Defendants deny the allegations of paragraph 16 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement and Counterfeiting)

17.     In response to paragraph 17 of the Complaint, Defendants incorporate

their answers to paragraphs 1-16 and though fully set forth herein.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation for Origin)

22.     In response to paragraph 22 of the Complaint, defendants incorporate their

answers to paragraphs 1-21 and though fully set forth herein.

23.     Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

28.     In response to paragraph 28 of the Complaint, defendants incorporate their

answers to paragraphs 1-27 and though fully set forth herein.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants deny the allegations of paragraph 30 of the Complaint.

31.     Defendants deny the allegations of paragraph 31 of the Complaint.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

33.    In response to paragraph 33 of the Complaint, defendants incorporate their answers to paragraphs 1-32 and though fully set forth herein.

34.    Defendants deny the allegations of paragraph 34 of the Complaint.

35.    Defendants deny the allegations of paragraph 35 of the Complaint.

36.    Defendants deny the allegations of paragraph 36 of the Complaint.

37.    Defendants deny the allegations of paragraph 37 of the Complaint.

38.    Defendants deny the allegations of paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Defendants state:

### First Affirmative Defenses

39.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

40.    The sale by or for Defendants of the accused goods is not likely to lead to and result in confusion, mistake or deception, nor is it likely to cause the public to believe that L'Koral has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, nor were the goods Counterfeit Merchandise as referred to by L'Koral, and, therefore was and is not a violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, or § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### Third Affirmative Defense

41.    The trademarks referred to by L'Koral as the 7 Jeans Marks are not famous within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**Fourth Affirmative Defense**

42.    The sale by or for Defendants of the accused goods cannot as a matter of law give rise to a claim of dilution pursuant to § 43(c), of the Lanham Act, 15 U.S.C. § 1125(c).

**Fifth Affirmative Defense**

43.    Defendants have not unfairly competed with L'Koral as a result of the sale of the accused goods.

**Sixth Affirmative Defense**

44.    L'Koral has suffered no injury or damages as a result of any action by or for defendants.

**Seventh Affirmative Defense**

45.    L'Koral has failed to mitigate its alleged damages.

**Eighth Affirmative Defense**

46.    L'Koral's claims are barred by the doctrine of laches.

WHEREFORE, Defendants Filene's Basement, Inc. and Retail Ventures, Inc. pray that:

A.    L'Koral's Complaint be dismissed with prejudice and that Judgment be entered for Filene's Basement, Inc. and Retail Ventures, Inc.

B.    That this case be adjudged and decreed exceptional pursuant to 15 U.S.C. § 1117(a) and that Filene's Basement, Inc. and Retail Ventures, Inc. be awarded their costs and attorney fees in defending this action.

C.    Filene's Basement, Inc. and Retail Ventures, Inc. be granted such other and further relief as this Court deems just and proper.

## THIRD-PARTY COMPLAINT

Defendants/Third-Party Plaintiffs Filene's Basement, Inc. and Retail Ventures, Inc., by their attorneys and for their Third-Party Complaint against Third-Party Defendant Chic Lady, Ltd. ("Chic Lady") alleges as follows:

1.     Upon information and belief, Chic Lady is organized under the laws of the State of New York, with a place of business at 124 W. 36th Street, New York, New York 10018. Chic Lady is a merchant (as that term is defined by Mass. Gen. Laws, ch. 106, § 2.104(1)) regularly engaging in the business of selling clothing to retail stores for resale.

2.     This Court has subject matter jurisdiction over the Third-Party Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1367(a) because the resolution of the Third-Party Complaint requires the adjudication of substantial questions of trademark law raised in L'Koral's Complaint over which the Court has exclusive jurisdiction and because the facts giving rise to the claims asserted in the Third-Party Complaint and the Complaint arise out of the same common nucleus of fact.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.     Chic Lady is subject to person jurisdiction in this Court because it purposefully availed itself of the privilege of doing business in the Commonwealth of Massachusetts by selling and shipping the claimed infringing products that are the subject of L'Koral's Complaint and the Third-Party Complaint to Filene's Basement in the Commonwealth of Massachusetts. Upon information and belief, Chic Lady also conducts a substantial amount of business unrelated to Filene's and RVI within the Commonwealth of Massachusetts.

5.     L'Koral asserts in the Complaint that Filene's and RVI distributed, offered for sale and/or sold certain jeans alleged to be virtually exact reproductions of Authentic 7 Jeans,

but which bear unauthorized copies of the 7 Jeans Marks, referred to by L'Koral in the Complaint as Counterfeit Merchandise.

6.      Filene's purchased all of the allegedly infringing jeans that are the subject of L'Koral's Complaint for trademark infringement and counterfeiting, unfair competition and false designation of origin, trademark dilution and unfair and deceptive trade practices from Third-Party Defendant Chic Lady.

7.      At the time of the purchase of the accused goods from Chic Lady by Filene's, Chic Lady represented that the goods were genuine and authentic goods that were not counterfeit, colorable imitations, or infringements of any trademark or trade dress. Concurrently with that representation, Chic Lady agreed to indemnify and hold harmless Filene's with respect to the resale and/or advertisement of those goods. By virtue of Mass. Gen. Laws, ch. 106, § 2-312(3), which provides in pertinent part that a merchant like Chic Lady warrants that its goods "shall be delivered free of the rightful claim of any third person by way of infringement or the like", Chic Lady warranted that all of the goods that are the subject of L'Koral's Complaint were delivered free from any claim of trademark infringement and the like. Filene's and Chic Lady never agreed to exclude this warranty against infringement.

8.      Chic Lady breached its warranty to deliver to Filene's goods free from any rightful claim of L'Koral of infringement. Filene's and its parent RVI have been sued for trademark infringement, trademark counterfeiting, trademark dilution and related unfair competition and unfair deceptive trade practices as a direct and proximate result of Chic Lady's breach of warranty.

9.      As a result of Chic Lady's breach of warranty and its agreement to indemnify Filene's, Chic Lady is legally responsible for any damages, costs, expenses, attorneys'

fees and/or liabilities of any kind that Filene's and/or its parent RVI have incurred and will incur in defending themselves from the claims of L'Koral as a result of Chic Lady's breach of warranty.

        10.    Further, to the extent that Filene's and/or RVI is found to have any liability to L'Koral under the Complaint, Chic Lady is legally responsible for any such liability as a result of its breach of warranty and agreement to indemnify and hold harmless Filene's.

        WHEREFORE, Third-Party Plaintiffs Filene's Basement, Inc. and Retail Ventures, Inc. pray that:

        A.    This Court enter judgment against Chic Lady, Ltd. in amount equal to any damages, costs, expenses, attorneys' fees, or liabilities of any kind that Filene's Basement, Inc. and/or Retail Ventures, Inc. have incurred and/or will incur in defending themselves from the claims asserted against them by L'Koral in the Complaint.

        B.    This Court enter judgment against Chic Lady, Ltd. awarding to Filene's Basement, Inc. and/or Retail Ventures, Inc. an amount equal to any liability, if any, of Filene's Basement, Inc. and/or Retail Ventures, Inc. to L'Koral under the Complaint.

        C.    Filene's Basement, Inc. and Retail Ventures, Inc. be granted such other and further relief as the Court deems just and proper.

Filene's Basement, Inc. and Retail
Ventures, Inc.

By: _____

Kurt S. Kusiak (BBO # 559254)
Ksk@sally-fitch.com
John Miller (BBO # 567563)
jm@sally-fitch.com
Trial attorneys for defendants
Sally & Fitch
225 Franklin Street
30th Floor
Boston Massachusetts  02110-2804
Telephone: (617) 542-5542
Facsimile: (617) 542-1542

**OF COUNSEL:**

Theodore R. Remaklus, Esq.
tremaklus@whepatent.com
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio
45202
Telephone: (513) 241-2324
Facsimile: (513) 421-7269

## CERTIFICATE OF SERVICE

I hereby certify that on January 24th, 2005, I caused a true copy of the foregoing document to be served by overnight delivery upon the following:

Samuel A. Miller at Sullivan & Worchester
LLP, One Post Office Square, Boston
Massachusetts 02109

Michael R. Heimbold
Yakub Hazzard
Alschuler Grossman Stein & Kahan LLP
1620 26th Street
Suite 4000 North
Santa Monica, CA 90404

By: _____
John Miller (BBO # 567563)
jm@sally-fitch.com
Trial attorneys for defendants
Sally & Fitch
225 Franklin Street
30th Floor
Boston Massachusetts 02110-2804
Telephone: (617) 542-5542
Facsimile: (617) 542-1542